On appeal from his conviction of assault and battery against his wife, see G. L. c. 265, § 13M(a ), the defendant claims error in the admission of testimony by a police officer relating statements made by the victim to him. The question is largely controlled by the analysis in Commonwealth v. Galicia, 447 Mass. 737, 745-746 (2006), which compels us to reverse.
The victim did not testify at trial. The Commonwealth instead sought to introduce her description of the defendant's alleged assault against her through the testimony of Officer Christopher Atchue, who responded to a 911 call and interviewed the victim at her apartment shortly thereafter. As the Commonwealth recognizes, the victim's statements to Officer Atchue were hearsay, and were admissible only under an exception to the hearsay rule. Moreover, even if admissible under a hearsay exception, they could not be admitted if they would violate the defendant's rights under the confrontation clause of the Sixth Amendment to the United States Constitution. See Commonwealth v. Beatrice, 460 Mass. 255, 258 (2011). "The confrontation clause bars the admission of testimonial out-of-court statements by a declarant who does not appear at trial...." Commonwealth v. Simon, 456 Mass. 280, 296 (2010). A statement is testimonial where there is no ongoing emergency and the primary purpose of the interrogation is to create an out-of-court substitute for trial testimony. See Beatrice, supra at 259-260. Assuming, without deciding, that the victim's statements to Officer Atchue fell within the excited utterance exception to the hearsay rule, the statements were nonetheless inadmissible under the confrontation clause.
Following a 911 call, Officer Atchue and his partner were dispatched to the apartment where the victim and the defendant lived.[2] Officer Atchue testified that when he arrived at the scene the victim was standing in the doorway at the front entrance of the apartment complex and was joined shortly thereafter by the defendant. The officers did not observe the parties in the midst of any physical altercation and the "house was fairly orderly." Though Officer Atchue testified that the victim was "very disheveled, upset" and "crying hysterically," that does not equate to a conclusion that the primary purpose of her statements was to "enable police to meet an ongoing emergency." See Galicia, supra at 739, quoting from Davis v. Washington, 126 S. Ct. 2266, 2273 (2006). The victim's statements indicated that the incident had happened in the past and was not an ongoing event. The defendant was unarmed, was not behaving dangerously, and was cooperating with the officers by answering their questions. Moreover, when Officer Atchue offered to have an ambulance respond to the scene, the victim declined medical treatment and declined any protective orders, electing to stay at the apartment. The statements the victim made to Officer Atchue at the scene were in response to a formal effort to investigate a crime and, thus, "fall squarely within the purview of 'testimonial' statements precluded from admission by the Sixth Amendment absent unavailability of the witness and prior opportunity for the defendant to cross-examine her." Id. at 746.[3]
Because the defendant objected to the admission of the victim's statements on constitutional grounds, we consider whether the admission of the evidence was "harmless beyond a reasonable doubt." Commonwealth v. Perrot, 407 Mass. 539, 548 (1990). Whether an error is harmless depends on whether the "erroneously admitted evidence was 'merely cumulative' of evidence properly before the jury." Id. at 549, quoting from Commonwealth v. Sinnott, 399 Mass. 863, 872 n.8 (1987). In other words, "[t]he essential question is whether the error had, or might have had, an effect on the jury and whether the error contributed to or might have contributed to the verdicts." Id. at 549.
The crux of the Commonwealth's case rested on Officer Atchue's hearsay testimony from the victim. Though the Commonwealth presented testimony from Officer Atchue regarding his observations of the victim's demeanor and injuries, along with photographs taken of those injuries, without the victim's statements there was no direct evidence that the defendant was the cause of those injuries. The defendant strenuously denied - - both in his initial statements to police and in his testimony at trial -- that he was involved in any physical altercation with the victim that night. To be sure, the defendant's statements concerning the cause of the victim's injuries were to some extent implausible, and the circumstantial evidence might well alone have been sufficient to support a conviction. However, we cannot say that the victim's statements to Officer Atchue at the scene did not contribute to the verdict.[4]
Judgment reversed.
Verdict set aside.

That was the second time that evening that police responded to the apartment. Approximately an hour before Officer Atchue and his partner were dispatched to the apartment, another set of officers on another shift had responded to the same apartment. At that time, the victim did not accuse the defendant of any misconduct.

At oral argument, the Commonwealth sought to distinguish Galicia on the ground that (unlike the responding officers in Galicia ), Officer Atchue and his partner were not relayed information from the 911 call regarding the nature of the incident before arriving at the scene. However, there is no indication in Galicia that the responding officers were relayed any information from the 911 operator as to the nature of the incident. Accordingly, the factual distinction fails. While the Commonwealth was candid at oral argument in acknowledging uncertainty about the factual distinction, we are without authority to adopt the Commonwealth's alternative suggestion that we decline to follow Galicia if its suggested factual distinction turned out to be unsupported. See Commonwealth v. Dube, 59 Mass. App. Ct. 476, 484-486 (2003).

We note that, unlike the circumstances in Commonwealth v. Galicia, supra, no transcript, recording, or other description of the content of the 911 call was offered in evidence. Such evidence, if available, would likely be admissible in any retrial. See Commonwealth v. Galicia, supra at 744-745.